# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

WELDON MARK BURNETTE,

           Plaintiff,

v.                                            CIVIL ACTION NO. 5:18-cv-00956

JOHN DAVID WOOTON, JR., et al.,

           Defendants.

## MEMORADUM OPINION AND ORDER

The Court has reviewed the *Complaint* (Document 1), John David Wooton, Jr., and Wooton, Davis, Hussell & Ellis, LLC's (hereinafter the "Wooton Defendants'") *Motion to Dismiss by Wooton Defendants* (Document 4), the *Memorandum of Law in Support of Motion to Dismiss by Wooton Defendants* (Document 5), the *Plaintiff's Motion for Extension of Time* (Document 6), and the *Plaintiff's Response in Opposition to the Wooton Defendants' Motion to Dismiss* (Document 7). In his motion for extension of time, the Plaintiff sought additional time to file a response to the motion to dismiss and advised the Court that the Defendants did not object. The Court finds that the motion for extension should be granted. For the reasons stated herein, the Court finds that the motion to dismiss should be denied.

## FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On May 20, 2018 the Plaintiff, Weldon Burnette, filed a two-count Complaint against the Defendants John David Wooton Jr., Wooton, Davis, Hussell & Ellis, LLC, and Alexander Sizemore, alleging malicious prosecution and abuse of process.

1

*A. The 2001 Criminal Proceeding*

The origin of this case stems from a 2001 case in which the Greenbrier County grand jury indicted Alexander Sizemore for the crime of sexual assault in the first degree. At the time, Mr. Sizemore was twenty-two years old and the indictment alleged that he had engaged in a sexual act with an eleven-year-old. Mr. Sizemore retained Mr. Burnette and his former law firm to represent him in the criminal case. Mr. Burnette and his former firm secured a plea offer from then Greenbrier County Assistant Prosecuting Attorney, Stephen Dolly. Mr. Burnette encouraged Mr. Sizemore to accept the plea offer but he refused. Thus, a trial was held in the Circuit Court of Greenbrier County, West Virginia, from July 9-11, 2002. After the State rested its case, Assistant Prosecuting Attorney Dolly again offered Mr. Sizemore a plea. Mr. Burnette encouraged Mr. Sizemore to take the offer and, for the second time, Mr. Sizemore declined. After the conclusion of the trial, Mr. Sizemore was convicted of sexual assault in the first degree.

Following the conviction, Mr. Sizemore was placed on home confinement pending sentencing. He violated the terms of his home confinement by sneaking a fifteen-year-old girl into his home to spend the night. The State moved to revoke Mr. Sizemore's home confinement. The court granted the motion and remanded Mr. Sizemore to the Southern Regional Jail pending sentencing. Mr. Burnette filed a motion to withdraw as Mr. Sizemore's counsel on August 23, 2002. The court granted the motion on August 26, 2002, and Mr. Burnette has not represented Mr. Sizemore since that time. Mr. Sizemore was sentenced to an indeterminate term of not less than 15 and no more than 35 years in the state penitentiary.

*B. Mr. Sizemore's Habeas Corpus Petitions*

Mr. Sizemore appealed his conviction multiple times. Initially, Mr. Sizemore appealed his conviction to the Supreme Court of Appeals of West Virginia, but the court refused to hear the

appeal. In March 2005, Mr. Sizemore filed a *habeas corpus* petition in this Court, in part, on the grounds that Mr. Burnette, while acting as Mr. Sizemore's attorney, informed the Assistant Prosecuting Attorney, Mr. Dolly, that his client had confessed the sexual assault to his girlfriend. That petition was denied. On February 13, 2013, Mr. Sizemore filed a *pro se habeas corpus* petition with the Circuit Court of Greenbrier County, West Virginia. That petition also repeated the claim that Mr. Burnette had informed Mr. Dolly of Mr. Sizemore's confession.

On December 11, 2014, the Honorable James J. Rowe, Judge, Circuit Court of Greenbrier County West Virginia, conducted a hearing on the petition. Following the hearing, Judge Rowe signed an order releasing Mr. Sizemore from prison and placing him on bond pending a ruling on the petition. On May 27, 2016, Judge Rowe signed an order granting the petition and reversing the conviction, but the order did not state the basis upon which Mr. Sizemore's conviction was vacated. Shortly after granting the petition, Judge Rowe retired.

*C. Mr. Sizemore's Litigation After Release*

Upon his release, Mr. Sizemore sought damages against the State for wrongful incarceration. The claim against the State was denied. On December 9, 2016, Mr. Sizemore filed a civil complaint in Greenbrier County Circuit Court against Mr. Burnette alleging malpractice and other causes of action based on the allegation that Mr. Burnette had informed Mr. Dolly about Mr. Sizemore's confession. On March 21, 2017, Mr. Sizemore, represented by the Wooton Defendants, amended the complaint.

On April 16, 2017, Mr. Burnette removed the case to this Court. On May 8, 2017, Mr. Burnette filed a motion to dismiss the complaint in the malpractice action for reasons which included the expiration of the statute of limitations. He requested that the Court take judicial notice of the 2002 trial transcript, Judge Rowe's order vacating Mr. Sizemore's conviction, and

the 2013 *habeas corpus* petition. On May 22, 2017, Mr. Sizemore, represented by the Wooton Defendants, filed a response to Mr. Burnette's motion to dismiss the malpractice action. In it, he argued that the "discovery rule" applied since he alleged in his proposed second amended complaint that Mr. Sizemore first learned of the basis of the malpractice action less than two years before it was filed.[1] On June 9, 2017, Mr. Burnette filed a request for the Court to take judicial notice of the 2005 *habeas corpus* petition, wherein Mr. Sizemore had made the allegation about the confession. On June 12, 2017, Mr. Sizemore, represented by the Wooton Defendants, filed a reply to Mr. Burnette's response. This Court granted the motion to amend the complaint and granted leave to Mr. Burnette to file a new motion to dismiss addressing the allegations in the amended complaint, which he did. On July 17, 2017, Mr. Sizemore, still represented by the Wooton Defendants, filed a response to Mr. Burnette's motion to dismiss the second amended complaint. On August 22, 2017, this Court held a hearing on Mr. Burnette's request for judicial notice. Before the hearing, John Wooton, Jr., approached Mr. Burnette and offered to forgo a personal judgment against Mr. Burnette if he would assist John Wooton, Jr., with locating Mr. Burnette's malpractice insurance and cooperate involving Mr. Burnette's malpractice insurance carrier. On March 8, 2018, this Court entered an order granting Mr. Burnette's motion to dismiss

---

1 The Supreme Court of Appeals of West Virginia has held:

> [U]nder the discovery rule the statute of limitations begins to run when the plaintiff knows, or by exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

*Gaither v. City Hosp., Inc.*, 487 S.E.2d 901 (W. Va. 1997).

4

the second amended complaint and the malpractice action with prejudice, finding that the statute of limitation had expired on the claim inasmuch as Mr. Sizemore had knowledge of and had relied upon the allegation that Mr. Burnette had given information regarding the confession to Mr. Dolly in his 2002-03 post-conviction motions and in his state appeal.[2]

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw [] all reasonable factual

---

[2] The Court has accepted the facts and allegations in the complaint to be true, in accord with the precedent cited herein for analyzing a motion made pursuant to Rule 12(b)(6).

inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal*, 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

Count I of the Complaint alleges that the Defendants engaged in malicious prosecution of the Plaintiff. A plaintiff, in an action for malicious prosecution, must prove "(1) that the prosecution was malicious, (2) that it was without reasonable or probable cause, and (3) that it

terminated favorably to [the] plaintiff." *Preiser v. MacQueen*, 352 S.E.2d 22, 24 (W. Va. 1985) (*citing Lyons v. Davy-Pocahontas Coal Co.*, 84 S.E. 744 (W. Va. 1915).

In their motion, the Wooton Defendants argue that the Court should dismiss the Complaint, because the underlying case was resolved based on the expiration of the statute of limitations rather than on the merits, which they contend is a required element in the third part of the conjunctive test set forth in *Lyons*. The Plaintiff counters that no such requirement exists.

After a review of the applicable law, the Court finds that there is no requirement that a matter be terminated on the merits to raise a claim for malicious prosecution. To support their position to the contrary, the Wooton Defendants rely on *McCammon v. Oldaker*, 516 S.E.2d 38 (W. Va. 1999) and *Cunard v. Mylan Pharm., Inc.*, Civil Action No. 2:06–CV–00640, 2006 WL 3692648 (S.D.W. Va. Dec. 13, 2006) (Copenhaver, J.). However, neither case is instructive.

In *McCammon*, the Supreme Court of Appeals of West Virginia addressed whether the plaintiff's malicious prosecution claim, based on the favorable resolution of a medical malpractice case, was barred by the one-year statute of limitation. 516 S.E.2d at 43. That court did not address whether an action must be resolved on the merits to satisfy the "terminated favorably" element set forth in *Lyons*.

In *Cunard v. Mylan Pharm., Inc.*, the plaintiff alleged that the defendants caused a criminal investigation to be conducted and that the search warrant issued by the circuit court relied on misleading information provided by the defendant. Civil Action No. 2:06–CV–00640, 2006 WL 3692648 at *1 (S.D.W. Va. Dec. 13, 2006) (Copenhaver, J.). Judge Copenhaver dismissed the malicious prosecution count, because:

> [T]he plaintiffs cannot show that the prosecution was conducted to its termination. Cunard was never arrested or indicted on any charges. Even if the court were to find that a prosecution

7

> commenced upon the issuance and execution of the search warrant, the prosecution was not thereafter pursued, much less "conducted to its termination." Rather, Monongalia County authorities simply decided there was no basis for any criminal investigation.

*Id*. at 5. Here, unlike *Cunard,* there was a clear termination of the malpractice suit. This Court entered an order granting the Plaintiff's motion to dismiss with prejudice. *Cunard* does not reach the issue of whether a case must be terminated on its merits. Judge Copenhaver simply found that there was no "prosecution" to have been "conducted to its termination" as required by *Lyon* and subsequently cited in *Preiser*. In other words, a prosecution must have actually *existed* or *commenced* and then concluded before one can complain of a malicious prosecution.

In a footnote, the Wooton Defendants note that other jurisdictions have, in fact, required favorable termination on the merits. However, because this Court is sitting in diversity, it must apply West Virginia state substantive law. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). If there is no relevant West Virginia substantive law addressing the issue, the Court must predict how West Virginia state courts would address the issue. *Roe v. Doe*, 28 F.3d 404, 407 (4th Cir. 1994). However, in doing so, the Court must not expand upon the laws of West Virginia. *Wade v. Danek Med., Inc*., 182 F.3d 281, 286 (4th Cir. 1999) (*citing St. Paul Fire & Marine Ins. Co. v. Jacobson,* 48 F.3d 778, 783 (4th Cir. 1995)). West Virginia law on this subject is clear. Although other jurisdictions have a more precise requirement that the matter be terminated on the merits, that requirement currently is not present in West Virginia law.

The other claim alleged in the Complaint is that of abuse of process. The Plaintiff argues the claim is viable. The Plaintiff alleges that he provided information to the Defendants before they amended their complaint, which proved that the malpractice action was filed outside the statute of limitations. Additionally, he alleges that John Wooton, Jr., approached him about

8

assisting him with obtaining the involvement of his insurance carrier in exchange for not pursuing a personal judgment. The Wooton Defendants argue that the Complaint should be dismissed because the Plaintiff failed to allege that the Wooton Defendants used any instruments of lawfully issued process after it was issued for the sole purpose of something entirely collateral to the underlying litigation.

"Generally, abuse of process consists of the willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process." *Williamson v. Harden*, 585 S.E.2d 369, 372 (W. Va. 2003) (*quoting Preiser v. MacQueen*, 352 S.E.2d at 28. In contrast to malicious prosecution, abuse of process is not about commencing an action or causing the process to issue without justification, rather it is about misapplying process justified in itself for an end other than what it is designed to accomplish. *Preiser*, 352 S.E.2d at 28, n. 8. (*citing* W. Prosser, *Handbook of the Law of Torts* § 121 (1971)). The elements of an abuse of process claim are first, an ulterior purpose, and second, a willful act in the use of the process not proper in the regular conduct of the proceeding. The *Preiser* Court also added that:

> Some definite act or threat not authorized by the process or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as the threat or club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.

*Id*. "[T]he mere filing of a complaint does not give rise to a claim for abuse of process." *S. States Coop. Inc. v. I.S.P. Co.*, 198 F.Supp.2d 807, 816 (N.D.W. Va. 2002) (*quoting Riddell Sports Inc. v. Brooks*, 872 F.Supp. 73, 79 (S.D.N.Y.)).

9

The Complaint sufficiently pleads the facts required for a claim of abuse of process. The Plaintiff pleads that the Defendants had an ulterior purpose to "embarrass [the Plaintiff], cost him money in defending the case, cost him harm to his reputation, and to try to wrongfully obtain money from [the Plaintiff's] malpractice insurer. (Compl. ¶83). To support this allegation, the Plaintiff pleads that the Defendants knew they did not have a legitimate claim against the Plaintiff, because the Defendants knew, or should have known, that the claim was filed well outside the statute of limitations and despite this knowledge, the Defendants used the complaint and amended complaint in an unlawful attempt to collect money from the Plaintiff's insurer.

Specifically, the Plaintiff pleads that John Wooton, Jr., improperly approached him about his malpractice insurance carrier in an effort to obtain money. (Compl. ¶ 85). Although Courts generally endorse and encourage the private settlement of litigation, (*See McDermott, Inc. v. AmClyde*, 511 U.S. 202, 215 (1994), *also see Schenzel v. Enter. Rent-A-Car Co. of Kentucky*, No. CIV. 2:02-0958, 2002 WL 31427029, at *3 (S.D.W. Va. Oct. 30, 2002)), here the Plaintiff alleges that this interaction was not an attempt to simply settle the litigation but to threaten him with personal liability on claims the Wooton Defendants knew to be false and to unlawfully obtain money from his insurer.

To be clear, the abuse of process pled by the Plaintiff is not only that the Defendant filed the complaint, but that the "Defendant filed an amended complaint "with patent lies" and "intended to use technicalities and legal maneuvering to avoid dismissal or summary judgment on allegations they knew to be false." (Compl. ¶ 84). As the Court stated above, the filing of a complaint alone is insufficient to sustain an abuse of process claim, but the elements required to support a claim of abuse of process are satisfied if the filing was made with an ulterior motive in mind, which was collateral to the litigation, as alleged here.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion for Extension of Time* (Document 6) be **GRANTED** and the *Defendants Motion to Dismiss* (Document 4) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 11, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA